# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALEX COOK, | ) | CASE NO. 4:16 CV 1529 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CHIEF U.S. MARSHAL, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Alex Cook filed this *Bivens*[1] action against the Elkton Federal Correctional Institution Warden, the Chief United States Marshal in Cleveland, Ohio, and the Director of the Bureau of Prisons Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas.  In his Complaint, he claimed the Bureau of Prisons had not given him credit for pretrial detention, and did not properly calculate his good conduct time.  He seeks monetary damages exceeding one billion dollars.  Plaintiff originally filed this action in the United States District Court for the District of Columbia.  That Court determined the District of Columbia was not the proper venue for the action, and transferred it to the Northern District of Ohio.

## I.        Background

Plaintiff contends that the BOP is miscalculating the time he is required to serve.  He

---

[1]      *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

provides little information about the BOP's calculations. He claims that if his Good Conduct Time ("GCT") is calculated correctly, he should be required to serve only 85% of his sentence; however, the BOP's calculations require him to serve 87% of his sentence. In addition, he claims he spent 22 months under pretrial supervision, but the BOP did not give him credit for this time. He does not clarify whether he was incarcerated at any time between the time of his arrest, and the time he reported to the federal correctional institution to begin serving his sentence. He contends the Defendants miscalculated his sentence, denied him due process, and violated the Fair Debt Collection Practices Act.

## II.      Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative

level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id*.  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III.    Analysis

Although Plaintiff captions his pleading as a "Mixed Common Law and Equity Complaint for Records Cancellation and Restoration of Personal Property," the central theme of his pleading is that his sentence is calculated incorrectly.  When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  *See Muhammad v. Close*, 540 U.S. 749 (2004)(per curiam).

Plaintiff cannot avoid the ruling in *Prieser* by seeking monetary damages instead of a reduction in his sentence.  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  When a judgment in favor of a Plaintiff in a civil rights action would necessarily imply the invalidity of his conviction or sentence, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated on direct appeal or by a federal habeas corpus action.  *Id*.  A judgment in this case would directly implicate the validity of the length his current sentence.  Plaintiff cannot pursue these claims in a civil rights action for damages.

### IV.      Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/John R. Adams

_____

August 1, 2016                                    JOHN R. ADAMS
                                                  UNITED STATES DISTRICT JUDGE

---

28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.